FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2013 APR 29 AM 10: 47

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

ROSS LITTLEFIELD
LINDA LITTLEFIELD

CASE NO. 6:13-cr 102-Orl-28KRS
18 U.S.C. § 1957
18 U.S.C. § 982 - Forfeiture

## INFORMATION

The United States Attorney charges:

### COUNT ONE

On or about the date set forth below, in the Middle District of Florida, in Osceola County, Florida and elsewhere,

**ROSS LITTLEFIELD and
LINDA LITTLEFIELD**

the defendants herein, did knowingly engage and attempt to engage in the following described monetary transaction affecting interstate commerce in criminally derived property, of a value greater than $10,000 and derived from specified unlawful activity, namely mail fraud (18 U.S.C. § 1341):

| Date | Monetary Transaction Affecting Interstate Commerce |
|---|---|
| March 28, 2008 | Purchase of a cashier's check from an account at BB&T Bank controlled by the defendant in the amount of $155,739.93, made payable to purchase property located at 404 Broadway, Kissimmee, FL |

In violation of Title 18, United States Code, Section 1957 and Section 2.

## **FORFEITURES**

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2. The defendants, **ROSS LITTLEFIELD and LINDA LITTLEFIELD**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest they may have in any property, real or personal, involved in such offense(s), or any property traceable to such property, as a result of such violation of Title 18, United States Code, Section 1957, including but not limited to, a sum of money equal to **$2,897,604.49** in United States currency, representing the amount of proceeds obtained as a result of the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

                                        ROBERT E. O'NEILL
                                        United States Attorney

By: _____
      David Haas
      Assistant United States Attorney

By: _____
      Carlos A. Perez-Irizarry
      Assistant United States Attorney
      Chief, Orlando Division